# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45119-1-II |
| Respondent, | |
| v. | |
| RAYNARD SANTOS CHARGUALAF, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Raynard Santos Chargualaf appeals the trial court's restitution order. Chargualaf argues that he received ineffective assistance of counsel because his defense counsel refused to agree to a continuance after the late disclosure of evidence. This court disagrees and affirms.[1]

## FACTS

A jury found Chargualaf guilty of one count of first degree burglary, one count of first degree robbery, four counts of first degree kidnapping, and one count of unlawful possession of a firearm.[2] On November 5, 2012, the trial court held a restitution hearing. During the hearing,

_____

[1] A commissioner of this court initially heard this appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] Chargualaf appealed his conviction in cause number 43502-1-II (filed May 6, 2014). This court affirmed his conviction and his petition for review to the Supreme Court was denied.

the State moved to introduce evidence compiled by the victim to support her valuation of the stolen or damaged items. Chargualaf had not seen the evidence prior to the hearing.

Defense counsel objected to the admission of the evidence on the basis of late disclosure. The trial court declined to exclude the evidence, but stated that it would grant a continuance if requested by defense counsel. Defense counsel declined the continuance and proceeded with the restitution hearing. The victim testified to the value of the stolen items and, in part, relied on the admitted evidence to support her valuation of the items. She testified that she had received an insurance payout of $1,700. Chargualaf and his codefendants argued that the amount of restitution should not exceed the valuation by the insurance company and that there was no way to know the accuracy of the victim's valuation. The trial court disagreed and ordered restitution in the amount requested by the victim: $26,124.02.

## ANALYSIS

Chargualaf appeals arguing that he received ineffective assistance of counsel because his defense counsel did not agree to a continuance. To prevail on an ineffective assistance of counsel claim the defendant must establish that (1) defense counsel's performance was deficient and (2) defense counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

Our scrutiny of counsel's performance is highly deferential. We strongly presume reasonableness. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To establish prejudice, a defendant must show a reasonable probability that the outcome would have differed absent the deficient performance. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

2

First, Chargualaf cannot demonstrate deficient performance. He argues that counsel's performance was deficient because, if counsel had agreed to the continuance, counsel would have had additional time to find information to undermine the accuracy of the victim's information. But counsel was able to undermine the accuracy of the information without the additional time. It was established that the information came from internet web sites and was not for exactly the same items that had been stolen. Because defense counsel was able to attack the accuracy of the information without a continuance, the decision not to agree to a continuance was not unreasonable. Accordingly, Chargualaf's ineffective assistance of counsel claim fails.

Second, even if counsel's performance was deficient, Chargualaf has not met his burden to show prejudice. Although Chargualaf lists numerous things that defense counsel could have done with additional time, he does not explain how those things would have changed the result of the hearing. Additional time would not have resulted in the evidence being suppressed. And, the potential inaccuracy of the valuation was pointed out to the trial court. It does not appear that there would be a reasonable probability that the outcome of the hearing would have been different if defense counsel had taken more time to find additional information to undermine the accuracy of the evidence.

Chargualaf has failed to demonstrate that his counsel's performance was deficient or prejudicial. Because he cannot meet his burden to prove either prong of the *Strickland* test, Chargualaf's ineffective assistance of counsel claim fails.

We affirm the restitution order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Worswick, P.J._

We concur:

_Melnick, J._

_Sutton, J._